1 **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Dwight Murray,                                        )   No. CV 11-2210-PHX-RCB (JFM)
                                                      )
        Plaintiff,                                    )   **ORDER**
                                                      )
vs.                                                   )
                                                      )
Corrections Corporation of America, et al.,           )
                                                      )
        Defendants.                                   )
_____                 )

Plaintiff Dwight Murray, who is represented by attorney Joseph E. Collins, filed a civil rights Complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and paid the filing fee.

**I.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

1  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
2  statements, do not suffice." Id.

3  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
5  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
6  that allows the court to draw the reasonable inference that the defendant is liable for the
7  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
8  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
9  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
10 allegations may be consistent with a constitutional claim, a court must assess whether there
11 are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Complaint

In his Complaint, Plaintiff sues the following Defendants: Corrections Corporation of America (CCA), Chaplin Bermudes, Unit Manager Gina Sween, Food Service Worker Joe Stichen, Dietician Lorie LaClare, Warden Charles DeRosa, Assistant Warden Kash Elkins, and "Security" Cary Davis. Plaintiff seeks monetary damages, injunctive relief, and his attorney's fees and costs.

Plaintiff alleges that he is a Seventh Day Adventist and that his religion "recommends vegetarianism and condones abstinence from pork, shellfish, and other foods proscribed as 'unclean' in Leviticus." Plaintiff is also lactose intolerant and has a tuna allergy.

The majority of Plaintiff's factual allegations relate to individuals who have not been named as Defendants in this action. Plaintiff's allegations against the specifically named Defendants are as follows. Plaintiff alleges that he was approved to receive a kosher diet, but did not receive one. He asserts that he complained to Defendant DeRosa and that Defendant Elkins responded and stated that the issue had been corrected. However, Plaintiff still did not receive a kosher diet. Plaintiff contends that he was told by Defendants Stichen and LaClare that he would no longer receive the kosher diet because there were conflicts between his religious diet and his medical issues. They explained that the kosher diet needed

to be served "the way it was written" and that they could not make substitutions. Plaintiff alleges, however, that he had been receiving orange juice rather than milk and peanut butter rather than tuna. Plaintiff alleges that he spoke with Defendants Sween, Stichen, LaClare, DeRosa, Kash, Elkins, and Davis, and that Defendant Sween told Plaintiff that he would not receive his religious diet. He also contends that Defendant Bermudes told Plaintiff that he could not have his religious diet.

Plaintiff claims his First Amendment rights were violated because he was prevented from engaging in a sincerely held religious belief without any justification reasonably related to legitimate penological interests. He contends that he has been subjected to cruel and unusual punishment by being denied his right to the free exercise of religion, and that he has been denied his right to be treated equally. He also claims that "[t]he acts of the defendants [sic] subordinates deprived the plaintiff of his particular rights" and that "[t]he defendants directed their subordinates in the acts that deprived the plaintiff of these rights."

### III. Discussion of Complaint

#### A. General Deficiencies

Plaintiff's attorney signed and filed the Complaint and, therefore, presumably read it in order to comply with Rule 11(b) of the Federal Rules of Civil Procedure. However, he apparently failed to notice that the opening sentence of the Complaint contains a typographical error and also refers to Plaintiff as a woman, that paragraphs 7 through 13 contain incomplete sentences,[1] and that the Complaint refers to Plaintiff throughout by male pronouns, female pronouns, and "me" and "my." In addition, the majority of Plaintiff's allegations refer to nonparties and other paragraphs make allegations against "Defendant," without any indication as to which of the eight Defendants Plaintiff is referring. This Court expects higher quality pleadings from individuals admitted to practice before the Court.

. . .

---

[1] Each paragraph states that the particular Defendant "has denied Plaintiff his," but stops at that point and never specifies what Plaintiff was denied.

- 3 -

## B. Failure to State a Claim

### 1. CCA

The Court will dismiss Defendant CCA because a <u>Bivens</u> action is only available against federal officers, not private companies acting under color of federal law in operating a prison. <u>Correctional Serv. Corp. v. Malesko</u>, 534 U.S. 61, 63 (2001).

### 2. Cruel and Unusual Punishment Claim

An Eighth Amendment claim requires a sufficiently culpable state of mind by the Defendants, known as "deliberate indifference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. <u>Id.</u> at 835. To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." <u>Id.</u> at 834. Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. <u>Id.</u> In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference." <u>Id.</u> at 837 (emphasis added).

Nothing in Plaintiff's Complaint supports a claim that any particular Defendant was acting with deliberate indifference to a substantial risk of serious harm. Thus, the Court will dismiss without prejudice Plaintiff's "cruel and unusual punishment" claim.

### 3. Equal Treatment Claim

Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff has not alleged or demonstrated that any Defendant intended to discriminate against him based on his religion.

The United States Supreme Court has also recognized "successful equal protection

1 claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). Even under this standard, Plaintiff has failed to state a claim. Plaintiff has failed to allege that he was treated differently than other similarly situated individuals and that there was no rational basis for treating him differently.

Therefore, the Court will dismiss without prejudice Plaintiff's claim that he was not "treated equally."

### 4. "Acts of Subordinates" Claim

Plaintiff claims that "the acts of the defendants [sic] subordinates deprived the plaintiff of his particular rights." There is no *respondeat superior* liability under § 1983 or Bivens, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Thus, the Court will dismiss without prejudice Plaintiff's claim against Defendants based on the acts of their subordinates.

### 5. Directing Subordinates Claim

Plaintiff alleges that "defendants directed their subordinates in the acts that deprived the plaintiff of these rights."

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory and vague allegations do not support a cause of action. Ivey v. Board

of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

Plaintiff's vague and conclusory allegations that a group of individuals directed another group of individuals to engage in unspecified acts is insufficient to state a claim against any particular Defendant. Therefore, the Court will dismiss without prejudice Plaintiff's claim that "defendants directed their subordinates in the acts that deprived the plaintiff of these rights."

### C. Claim for Which an Answer will be Required

Prisoners retain the First Amendment right directing that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Henderson v. Terhune, 379 F. 3d 709 (9th Cir.2004). To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege that a defendant burdened the practice of plaintiff's religion by preventing him from engaging in a sincerely held religious belief and that the defendant did so without any justification reasonably related to legitimate penological interests. Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

The Court will require Defendants Bermudes, Sween, Stichen, LaClare, DeRosa, Elkins, and Davis, to answer the First Amendment claim in Plaintiff's Complaint.

**IT IS ORDERED:**

(1) Defendant Corrections Corporation of America is **dismissed**.

(2) Plaintiff's claims, other than the First Amendment claim, are **dismissed without prejudice**.

(3) Defendants Bermudes, Sween, Stichen, LaClare, DeRosa, Elkins, and Davis must **answer** the First Amendment claim in Plaintiff's Complaint.

(4) Plaintiff must either serve each Defendant or seek a waiver of service for each Defendant.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the

1  filing of the Complaint, the action may be dismissed as to each Defendant not served. Fed.
2  R. Civ. P. 4(m).
3      (6)    Defendants must answer the Complaint or otherwise respond by appropriate
4  motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
5  Rules of Civil Procedure.
6      (7)    Any answer or response must state the specific Defendant by name on whose
7  behalf it is filed. The Court may strike any answer, response, or other motion or paper that
8  does not identify the specific Defendant by name on whose behalf it is filed.
9      (8)    This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules
10 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.
11 DATED this 28th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge