1    WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                         **FOR THE DISTRICT OF ARIZONA**

8

9

10   Dwight Murray,                    )    No. CV 11-2210-PHX-RCB (JFM)
                                        )
11              Plaintiff,             )           **ORDER**
                                        )
12   vs.                                )
                                        )
13                                      )
     Corrections Corporation of America, et al.,)
14                                      )
               Defendants.             )
15                                      )
     _____)
16

17          Plaintiff Dwight Murray filed this civil rights action against seven officials employed

18   at the Eloy Detention Center, a private prison facility owned by Corrections Corporation of

19   America (CCA) (Doc. 6).  Before the Court are Plaintiff's Motion for Preliminary Injunction

20   (Doc. 14) and Defendants' Motion to Dismiss (Doc. 15).

21          The Court will deny Plaintiff's motion and grant in part and deny in part Defendants'

22   motion.

23   **I.      Background**

24          Plaintiff alleged that his religious exercise rights have been burdened by Defendants'

25   refusal to provide him with a kosher diet, which prevents him from engaging in a sincerely

26   held religious belief.  Plaintiff also claimed that Defendants' actions in denying him a kosher

27   diet were deliberately indifferent to his health because they knew that denying Plaintiff

28

1   access to a religious diet would result in his refusal to consume the regular diet and he would,
2   as a result, go hungry (Doc. 6 at 8-10).  Defendants were directed to answer the claims
3   against them (Doc. 8).

4       Plaintiff moves for injunctive relief, seeking an order directing Defendants to provide
5   Plaintiff with a kosher diet to address his religious and medical needs.   Before responding
6   to Plaintiff's motion, Defendants filed a motion to dismiss on the grounds that Plaintiff's
7   allegations fail to state a claim and he failed to exhaust his administrative remedies (Doc. 15).

8   **II.   Motion to Dismiss**

9       **A.   Jurisdictional Basis for Plaintiff's Claims**

10       Defendants first contend that Plaintiff's citations to both <u>Bivens v. Six Unknown</u>
11   <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and 42 U.S.C. § 1983
12   as the source of this Court's jurisdiction are inconsistent and, as a result, any claims brought
13   under § 1983 must be dismissed.

14       Defendants correctly observe that Plaintiff invoked both <u>Bivens</u> and § 1983 in his
15   First Amended Complaint (Doc. 6 at 1-2 ¶¶ 1, 3).   Further complicating matters are
16   Plaintiff's inconsistent statements concerning the authority under which Defendants' actions
17   were taken.   On the one hand, Plaintiff asserts that he is an Immigration and Customs
18   Enforcement detainee being housed at a CCA facility (Doc. 21 at 1-2 ¶¶ 1-2).  On the other
19   hand, Plaintiff states that he was placed in a CCA facility by the State of Arizona (<u>id.</u> at 4
20   ¶ 13).  As discussed below, Plaintiff is an immigration detainee being housed pursuant to
21   federal law. <u>Bivens</u> is plainly the source for any constitutional claim Plaintiff wishes to bring
22   against Defendants.  As a result, to the extent that Plaintiff asserts claims under § 1983, those
23   claims are dismissed.

24       **B.   Failure to State a Claim**

25           ***1.   <u>Bivens</u> Jurisdiction***

26       Defendants next argue that pursuant to the Supreme Court's recent decision in
27   <u>Minneci v. Pollard</u>, 132 S. Ct. 617, 619 (2012), Plaintiff cannot maintain his First or Eighth
28   Amendment claims because adequate remedies exist under state tort law.

1    The Supreme Court held:

2            [W]here ... a federal prisoner seeks damages from privately
       employed personnel working at a privately operated federal
3            prison, where the conduct allegedly amounts to a violation of the
       Eighth Amendment, and where that conduct is of a kind that
4            typically falls within the scope of traditional state tort law (such
       as the conduct involving improper medical care at issue here),
5            the prisoner must seek a remedy under state tort law. We cannot
       imply a Bivens remedy in such a case.

6

7    Minneci, 132 S.Ct. at 626.  Plaintiff unhelpfully responds to this argument by extensively

8    citing the Ninth Circuit's decision in Minneci that was reversed by the Supreme Court (Doc.

9    21 at 5-6 ¶¶ 22-27).

10        Plaintiff's claim that Defendants endangered his health when they denied him a

11   religious diet knowing he would not otherwise eat, thereby violating the Eighth Amendment,

12   is within the scope of traditional tort law claims.  This conclusion mirrors that in Minneci,

13   where the defendants allegedly rendered improper medical care to the plaintiff, thereby

14   endangering his health.  Minneci, 132 S. Ct. at 626.

15        In short, it is clear that Plaintiff's Eighth Amendment claims are no longer cognizable

16   under Bivens and, instead, must be pursued in state court.[1]  What remains unclear, however,

17   is whether Plaintiff's First Amendment claims are of the type that fall within the scope of

18   traditional tort law.  Id. at 626 ("[W]e can decide whether to imply a Bivens action in a case

19   where an Eighth Amendment claim or state law differs significantly from those at issue here

20   when and if such a case arises. The possibility of such a different future case does not

21   provide sufficient grounds for reaching a different conclusion here.").  Defendants cite no

22   authority extending the holding in Minneci to First Amendment claims, and the Court's

23   research reveals none.  At this juncture, therefore, the Court will deny Defendants' motion

24   to dismiss Plaintiff's First Amendment claim.

25

26   _____

27        [1] To the extent that Plaintiff would contend that his request for injunctive relief
     through his Eighth Amendment claim keeps that claim alive in federal court, the Court rejects
28   that argument because his request for a kosher diet is duplicative of his request for injunctive
     relief in his First Amendment claim.

### 2.    *Failure to Meet Pleading Requirements*

With respect to his First Amendment claim, Defendants alternatively contend that Plaintiff's allegations fail to state a claim against Defendants because he does not present sufficient facts to establish that Defendants engaged in unconstitutional conduct (Doc. 15 at 5-8).  This is, essentially, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) tests the legal sufficiency of a claim and allows for dismissal for "failure to state a claim upon which relief can be granted."  <u>Cook v. Brewer</u>, 637 F.3d 1002, 1004 (9th Cir. 2001).  "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Hinds Inv., L.P. v. Angioli</u>, 654 F.3d 846, 850 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)).  Dismissal is appropriate where there is "either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim."  <u>Hinds</u>, 654 F.3d at 850 (citation omitted).

The Court notes that a Rule 12(b)(6) motion to dismiss is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond.  The standard for dismissal under Rule 12(b)(6) is identical to the standard under 28 U.S.C. § 1915A(b) ("fail[ure] to state a claim upon which relief may be granted").  After the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that reconsideration is appropriate.  Reconsideration is appropriate only in rare circumstances and if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  <u>School Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993); <u>see</u> <u>Defenders of Wildlife v. Browner</u>, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).

The Court already screened Plaintiff's First Amended Complaint under a standard identical to the Rule 12(b)(6) standard and pursuant to <u>Iqbal</u> and determined that the claims at issue sufficiently state plausible claims for relief (Doc. 8).  Defendants present nothing that

1   causes the Court to reconsider its decision that the pleading presented sufficient facts to link

2   Defendants with the alleged constitutional violations.

3          Defendants also incorrectly argue that Plaintiff's allegations fail to state a First

4   Amendment claim because he does not allege that consuming a kosher diet is "a central tenet

5   of [his] religion" (Doc. 15 at 6).  But <u>Shakur v. Schriro</u>, 514 F.3d 878, 884 (9th Cir. 2008),

6   clearly explained that the Supreme Court disapproved the centrality test, finding it

7   inappropriate for courts to "question the centrality of particular beliefs or practices to a faith,

8   or the validity of particular litigants' interpretations of those creeds."  514 F.3d at 884-885

9   (citing <u>Hernandez v. C. I. R.</u>, 490 U.S. 680, 699 (1989)).  Rather, an inmate has a viable

10  religious exercise claim if prison officials burden beliefs that are sincerely held and religious

11  in nature, which is not in dispute on a motion to dismiss where Plaintiff's allegations are

12  taken as true. Based on the above, Defendants' request for dismissal for failure to state a

13  claim will be denied.

14         **C.     Exhaustion**

15         Finally, Defendants argue that Plaintiff's claims must be dismissed for failure to

16  exhaust administrative remedies.  The Prison Litigation Reform Act provides that an action

17  cannot be brought by a prisoner "until such administrative remedies as are available are

18  exhausted." 42 U.S.C. § 1997e.  The statutory term "prisoner" is limited to detainees who are

19  "*currently* detained as a result of accusation, conviction, or sentence for a *criminal* offense."

20  <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (emphasis added).  In <u>Agyeman v.

21  I.N.S.</u>, the Ninth Circuit held that the PLRA cannot be applied against civil detainees and

22  further, that immigration detainees are civil detainees.  296 F.3d 871, 885-87 (9th Cir. 2002).

23         Defendants strenuously contend that Plaintiff is a prisoner within the meaning of the

24  PLRA.  They argue that <u>Agyeman</u> is distinguishable from this case because Plaintiff, unlike

25  Agyeman, was convicted of a crime.  They also claim that Plaintiff was simultaneously an

26  ICE detainee and serving a criminal sentence (Doc. 15 at 11).  Defendants' argument,

27  however, is meritless.  First, according to records available online from the Arizona

28  Department of Corrections, Plaintiff was released from the state's custody on July 8, 2011,

1    four months before he filed this lawsuit.[2]  As a result, Defendants' argument is foreclosed by

2    the holding in <u>Agyeman</u> that only detainees *currently* incarcerated for a criminal offense are

3    subject to the PLRA's requirements.  And totally absent from Defendants' motion is any

4    legal authority for the proposition that Plaintiff's criminal conviction—standing

5    alone—renders him a prisoner for life and therefore subject to the PLRA's exhaustion

6    requirement.

7         Notwithstanding the fact that Plaintiff is not a prisoner for purposes of the PLRA, the

8    Court may still require exhaustion in cases involving immigration detainees.  <u>McCarthy v.</u>

9    <u>Madigan</u>, 503 U.S. 140, 144 (1992) (determining that while Congress has not mandated

10   exhaustion by immigration detainees, "sound judicial discretion governs" when exhaustion

11   should nevertheless be required by the court).  However, Defendants have the burden of

12   establishing what particular remedies were available to Plaintiff and how Plaintiff failed to

13   fully utilize them.  <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199 (2007); <u>Wyatt v. Terhune</u>, 315 F.3d

14   1108, 1119 (9th Cir. 2003).  Defendants introduce evidence of a grievance procedure and that

15   Plaintiff did not fully exhaust his claim (Doc. 15, Ex. 2).

16        Futility, however, is a recognized exception to the exhaustion requirement.  <u>Laing v.</u>

17   <u>Ashcroft</u>, 370 F.3d 994, 1000 (9th Cir. 2004).  And here, the record reflects that Plaintiff

18   submitted no less than nine grievances attempting to resolve his issues regarding meals (Doc.

19   21, Attach. 2 at Bate Stamps 2-3, 8, 10, 22, 42-43, 61, 77, 87).  The number of grievances

20   suggests that the grievance procedure is not an effective means of resolving disputes.  Further

21   supporting the conclusion that the procedure is futile are the responses Plaintiff received to

22   his grievances.  Plaintiff was informed three times that the issues would be corrected (<u>id.</u> at

23   Bate Stamps 2, 3, 42).  Contrarily, Plaintiff was informed twice that his issues are not

24   grievable (<u>id.</u> at Bate Stamps 10, 22).  And the remaining grievances were simply ignored

25   or denied (<u>id.</u> at Bate Stamps 61, 77, 87).  Plaintiff's experiences with the grievance

26

27         [2]   <u>See</u>   http://www.azcorrections.gov/Inmate_DataSearch/results_Minh.aspx?Inmate

28   Number=239369&LastName=MURRAY&FNMI=D&SearchType=SearchInet (last visited July 2, 2012).

1   procedure firmly support a finding that exhaustion was a futile effort.

2          And even under a traditional exhaustion analysis, inmates are not required to continue

3   the grievance process if they are granted relief but do not actually receive it.  See Harvey v.

4   Jordan, 605 F.3d 681, 685 (9th Cir. 2010) ("[a]n inmate has no obligation to appeal from a

5   grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative

6   remedies. Nor is it the prisoner's responsibility to ensure that prison officials actually provide

7   the relief that they have promised").  Moreover, if Plaintiff was informed that his claim is not

8   grievable, then exhaustion is not required.  Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir.

9   2009).  The Court finds that because of Plaintiff's status as an immigration detainee, the

10  Court has ample discretion whether to require exhaustion.   Based on the record before the

11  Court, the Court further finds that exhaustion would have been futile.  Defendants' motion

12  to dismiss on this basis will be denied.

13  **III.    Motion for Preliminary Injunction**

14         Also pending is Plaintiff's motion for preliminary injunction (Doc. 14).  A preliminary

15  injunction is an extraordinary and drastic remedy and "one that should not be granted unless

16  the movant, *by a clear showing*, carries the burden of persuasion."  Mazurek v. Armstrong,

17  520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane,

18  Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)).  To

19  obtain a preliminary injunction, the moving party must show "that he is likely to succeed on

20  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

21  the balance of equities tips in his favor, and that an injunction is in the public interest."

22  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  The moving party has

23  the burden of proof on each element of the test.  Envtl. Council of Sacramento v. Slater, 184

24  F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

25         Plaintiff's motion is fatally deficient in establishing imminent irreparable injury.  The

26  motion focuses on conduct that occurred throughout 2011 and presents no evidence that

27  suggests, let alone establishes, that Plaintiff is faced with substantial imminent injury.  See

28  Winter, 129 S. Ct. at 375 (movant must demonstrate that irreparable injury is likely without

an injunction); <u>Caribbean Marine Servs. Co., Inc. v. Baldrige</u>, 844 F.2d 668, 674 (9th Cir. 1988) (mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction"); <u>see also</u> Fed. R. Civ. P. 65(b) (movant must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm).  For these reasons, Plaintiff's motion will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Preliminary Injunction (Doc. 14) and Defendants' Motion to Dismiss (Doc. 15).

(2) Plaintiff's Motion for Preliminary Injunction (Doc. 14) is **denied**.

(3) Defendants' Motion to Dismiss (Doc. 15) is **granted in part and denied in part**.

(a) The motion to dismiss is **granted** as to Count II; and

(b) The motion to dismiss is otherwise **denied**.

DATED this 7th day of July, 2012.

Robert C. Broomfield
Senior United States District Judge