# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Dwight Murray,<br>Plaintiff<br>-vs-<br>Corrections Corporation of America Incorporated, et al.,<br>Defendants. | CV-11-2210-PHX-RCB (JFM)<br><br>**Report & Recommendation** |

**Failure to Timely Serve** - In its Order filed October 1, 2012 (Doc. 32), the Court ordered Plaintiff to file a memorandum showing cause why Defendants Stichen, LaClare, and Canteen Services should not be dismissed without prejudice for failure to effect service.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."  In addition, the Court's Scheduling Order, filed July 25, 2012 (Doc. 27) advised Plaintiff that the presumptive maximum service date was May 3, 2012.

Plaintiff has not responded, and the time to do so has expired.

**Application of Law to Facts** - Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d

1

1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant</u> – The unserved defendants, if eventually served, would be brought into litigation in which deadlines either are set to soon expire. For example, under the current scheduling order, the discovery requests deadline expires December 21, 2012, and the dispositive motions deadline is January 16, 2013. (Order 7/25/12, Doc. 27.)

<u>Length of Delay and Impact</u> – Almost five months have expired since the expiration of the presumptive service deadline. To extend the time for service, and to

introduce new defendants would effectively mean resetting the schedule in this case. This case is already almost twelve months old, and the case will soon be nearing completion of pretrial proceedings.

<u>Reason for Delay</u> – Plaintiff has proffered no reason to excuse his delay.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

**<u>Defendant Canteen Services</u>** - Canteen Services has not been identified by the Court as a defendant. In the parties' Joint Discovery Plan, Defendants identify Canteen Services as an unserved defendant. (Doc. 30 at 11.) However, no reference to Canteen Services, as a defendant or otherwise, is found in Plaintiff's First Amended Complaint (Doc. 6). Accordingly, it appears that no dismissal of Canteen Services is required.

**<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendants Stichen and LaClare.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendants Stichen and LaClare, be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 22, 2012

_____
James F. Metcalf
United States Magistrate Judge

11-2210o Order 12 10 19 re RR Dismiss FTSrv.docx

4